United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COURTNEY COOK,
Plaintiff,
v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant.

Case No. 24-cv-07444-KAW

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT; STRIKING AMENDED COMPLAINT**

Re: Dkt. Nos. 63, 67

Plaintiff Courtney Cook filed this case against Defendant The Regents of the University of California, alleging that she was wrongfully terminated in violation of the Americans with Disability Act ("ADA") and the Family and Medical Leave Act ("FMLA"). (*See* Compl., Dkt. No. 1-1.) The Court previously granted Defendant's motion for summary judgment and entered judgment in favor of Defendant. (MSJ Order, Dkt. No. 58.) Pending before the Court is Plaintiff's motion to alter the judgment. (Pl.'s Mot. to Alter Judgment, Dkt. No. 67.)

The Court previously found this matter suitable for disposition without a hearing. (Dkt. No. 72.) Having reviewed the parties' filings and the relevant legal authorities, the Court DENIES Plaintiff's motion to alter the judgment.

## I. BACKGROUND

The facts of this case are memorialized in the July 17, 2026 summary judgment order. In relevant part, Defendant employed Plaintiff as a Registered Nurse, Nurse Coordinator, Clinical Nurse 3 ("CN3"). (MSJ Order at 1.) Except for less than a week, Plaintiff was on medical leave and/or working remotely as an accommodation from June 2021 to the end of Plaintiff's employment in April 2024. (*Id.* at 2-6.) The decision to medically separate Plaintiff from employment was made by Defendant in January 2024. (*Id.* at 6.)

On September 25, 2024, Plaintiff filed a "Complaint for Damages," asserting claims for: (1) violation of the ADA, (2) violation of the FMLA, and (3) wrongful termination and retaliation. (*See* Compl. at 1.) Plaintiff's complaint did not identify any individual defendant. Plaintiff also filed a civil cover sheet, which indicated that only damages were sought. (Dkt. No. 1-1 at 7.) On October 25, 2024, Defendant filed an answer, raising an affirmative defense of sovereign immunity. (Answer ¶¶ 28, 29; Dkt. No. 1-2.) On January 29, 2025, the Court issued a case management and pretrial order for jury trial, setting the last day to seek leave to amend the pleadings as March 28, 2025. (Dkt. No. 11 § 5.)

On June 11, 2026, Defendant filed a motion for summary judgment. (Dkt. No. 41.) On June 25, 2026, Plaintiff filed an opposition. (Dkt. No. 48.) On July 2, 2026, Defendant filed its reply. (Dkt. No. 52.) On July 17, 2026, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant.

On July 31, 2026, Plaintiff filed an "Amended Complaint." (Dkt. No. 63.) On August 5, 2026, Plaintiff filed the instant motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). On August 18, 2026, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 70.) Plaintiff did not file a reply.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within 28 days of the entry of judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). A motion to alter or amend a judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality

and conservation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). A district court has considerable discretion when deciding a Rule 59(e) motion. *Turner*, 338 F.3d at 1063.

## III. DISCUSSION

Plaintiff brings this motion on the grounds that the Court committed clear error in reaching its decision, which she claims is also manifestly unjust. (Pl.'s Mot. to Alter Judgment at 8-9.) In so doing, Plaintiff seeks to relitigate arguments that were already rejected by the Court, raises arguments that Plaintiff could have raised prior to the entry of judgment, or makes arguments that are contradictory to those Plaintiff previously made. The Court addresses each of the grounds raised by Plaintiff and explains why it does not meet the high standard of Rule 59(e).

### A. ADA Immunity

In granting summary judgment, the Court found that Defendant was entitled to sovereign immunity as to Plaintiff's ADA claim. (MSJ Order at 8-9.) Notably, Plaintiff did not dispute that Defendant was entitled to sovereign immunity. (*Id.* at 9.) Rather, Plaintiff argued that she could still seek prospective injunctive relief under *Ex Parte Young*, such as reinstatement. (*Id.*) The Court, however, pointed out that Plaintiff did not request injunctive relief. (*Id.*) Moreover, *Ex Parte Young* only permitted suit against individual state officers, whereas Plaintiff had only sued Defendant UC Regents. (*Id.* at 9-10.) To the extent Plaintiff suggested that the Court give Plaintiff leave to amend, Plaintiff failed to provide any explanation for how she would meet Rule 16's good cause requirement, including diligence. (*Id.* at 10.)

First, Plaintiff argues that her complaint did, in fact, seek injunctive relief. (Pl.'s Mot. to Alter Judgment at 12.) In support, Plaintiff relies on *Health Freedom Defense Fund, Inc. v. Carvalho*, a case that was never cited in Plaintiff's opposition. (*Id.* at 12.) In any case, *Health Freedom Defense Fund, Inc.* is readily distinguishable. There, the Ninth Circuit found that where the complaint made a "broad request for *any* injunctive relief, along with the allegations that individual Plaintiffs have been terminated under the Policy and have not been reinstated to their prior positions, the [complaint] fairly encompasses a request for reinstatement." 148 F.4th 1020, 1026 (9th Cir. 2025). Here, the complaint specifically states it is a "Complaint for Damages," and

makes no request for injunctive relief. (*See* Compl.) Indeed, in the Civil Cover Sheet signed by Plaintiff's counsel, the Civil Cover Sheet states: "Remedies sought (*check all that apply*)." (Dkt. No. 1-1 at 7.) Plaintiff checked off **only** "monetary" relief; the box next to "nonmonetary; declaratory or injunctive relief" is left blank. (*Id.*) Thus, Plaintiff's complaint did not include a "broad request for *any* injunctive relief," such that Defendant had no notice that injunctive relief was sought.

Plaintiff fails to provide any explanation for why, under such circumstances, the Court erred in finding that Plaintiff did not request injunctive relief. Indeed, Plaintiff appears to recognize that the complaint is devoid of any request for injunctive relief, arguing that "Defendant had actual notice no later than Plaintiff's opposition [to the motion for summary judgment], which expressly requested reinstatement, compliance with federal law, and a renewed interactive process." (Pl.'s Mot. to Alter Judgment at 13.) Plaintiff, however, fails to identify **any** authority that would allow a plaintiff to request injunctive relief for the first time in an opposition to a motion for summary judgment.

Second, Plaintiff argues that reinstatement and a renewed accommodation process are prospective relief under *Ex Parte Young*. (Pl.'s Mot. to Alter Judgment at 13.) This is not in dispute. Rather, Plaintiff's problem is that she neither requested injunctive relief nor named an individual state officer in the operative complaint. While Plaintiff points to "[t]he authorities preserved in Plaintiff's original draft" [1] to argue that "a pleading defect may be cured by naming responsible officials rather than extinguishing prospective federal relief," Plaintiff did not previously cite any of the seven cases she now cites. (*See id.* at 13-14.) Plaintiff cannot make this argument or raise cases for the first time in her Rule 59(e) motion. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Moreover, Plaintiff fails to explain how any of these cases support her position. Nevertheless, the Court's review finds that none of the cases aid Plaintiff's argument. For example, Plaintiff cites to *Sanders v. University of Idaho*, 552 F. Supp. 3d 991, 1002-04 (D. Idaho

[1] It is unclear what Plaintiff means by her "original draft."

2021), but these pages simply describe the facts of the case. While *Sanders* did permit amendment to add an individual defendant, the plaintiff showed good cause, explaining that she had waited to add the individual until after his deposition to ensure that the claims were appropriate. *Id.* at 998. Further, the amendment was not required to overcome Eleventh Amendment immunity, as Plaintiff had already brought claims against another individual. *See id.* at 1025. Many of Plaintiff's other cases did not address amendment but found that the operative complaint brought claims against an individual, thus satisfying *Ex Parte Young*. *Salid v. Univ. of Idaho*, 837 F. Supp. 2d 1168, 1175-76 (D. Idaho 2011); *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011); *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001). *Nelson v. University of Texas* simply found that reinstatement was a form of prospective relief that could be sought through *Ex Parte Young*. 535 F.3d 318, 322 (5th Cir. 2008). *Raj v. Louisiana State University*, in turn, is completely contrary to Plaintiff's position, as there the Fifth Circuit upheld the dismissal of the plaintiff's case because the plaintiff only brought claims against the university and its board, but not any individual defendants; thus, the plaintiff "c[ould ]not overcome sovereign immunity under *Ex Parte Young*. 714 F.3d 322, 328. Likewise, *Fielder v. New York* found *Ex Parte Young* was inapplicable because the plaintiffs failed to name any individual officers; in dismissing the complaint, the district court explained: "The Court cannot simply deem the Complaint to be asserted against state officers when plaintiffs themselves have not done so." 925 F. Supp. 3d 136, 139 (N.D.N.Y. 1996). Such an observation is particularly apt here, where Plaintiff also failed to name any individual defendant in the operative complaint even after Defendants asserted sovereign immunity in this case.

Finally, Plaintiff argues that the Court should reopen the judgment so that Plaintiff can amend the complaint. (Pl.'s Mot. to Alter Judgment at 14.) In so arguing, Plaintiff identifies no error made by the Court. Rather, Plaintiff argues there is good cause for the amendment. (*Id.*)

As an initial matter, Plaintiff never argued good cause before and thus cannot make the argument in her Rule 59(e) motion. Further, the "'good cause' standard primarily considers the diligence of the party seeking the amendment," such that "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the

extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Plaintiff's stated justification for not seeking amendment until the filing of her opposition on June 25, 2026 -- despite the Defendant raising its affirmative defense of sovereign immunity in its October 24, 2024 -- is that Defendant did not supply its legal authorities in support of sovereign immunity until its March 17, 2026 settlement conference statement. (Pl.'s Mot. to Alter Judgment at 14.) As Defendant points out, however, it is *Plaintiff's* responsibility "to prosecute his case properly," and she "cannot blame [Defendant] for h[er] failure to do so." *Johnson*, 975 F.2d at 610. Plaintiff cites no authority for the proposition that a defendant is obliged to give the plaintiff all the legal authority for its affirmative defenses before the plaintiff is put on notice. In short, the failure by Plaintiff's counsel to diligently seek amendment is not a proper basis for a Rule 59(e) motion.

Accordingly, the Court finds that this is not a basis to alter the judgment.

**B. ADA Merits**

Although the Court found that Plaintiff's ADA claim was barred by sovereign immunity, the Court also found that Defendant was entitled to summary judgment on the merits. (MSJ Order at 12-13.) Specifically, the Court found that Plaintiff could not establish that she was a qualified individual because there was uncontradicted evidence that regular in-person attendance was an essential function of the CN3 position. (*Id.* at 13-15.) Further, the Court found there was evidence that the accommodations at issue -- remote work and repeated leaves of absence -- imposed an undue hardship upon Defendant. (*Id.* at 15-17.) Although the Court need not address the merits arguments because Plaintiff failed to identify any error as to the Court's sovereign immunity ruling, the Court briefly addresses Plaintiff's points.

First, Plaintiff reargues that there is a factual dispute concerning the required frequency of onsite attendance and the availability of a hybrid arrangement. (Pl.'s Mot. to Alter Judgment at 15-16.) To the extent Plaintiff complains that *Samper v. Providence St. Vincent Medical Center* "did not create a categorical rule for every nursing classification or hold that a mixed-duty nursing position can never be restructured or performed under a hybrid arrangement," the Court made no such ruling. (*Id.*) Rather, the Court considered the specific facts of the case, including the

evidence presented by Defendant regarding why regular on-site presence was necessary. (MSJ Order at 13-14.) Further, while Plaintiff argues that the Court should have considered whether Plaintiff could have worked a hybrid schedule, there was no evidence Plaintiff was capable of working a hybrid schedule. (*See* Pl.'s Mot. to Alter Judgment at 16.) Instead, although Plaintiff worked a "hybrid schedule" from September 2021 to February 2022, the evidence showed that "for the days that Plaintiff was scheduled to work onsite . . . Plaintiff was permitted to take off those days." (MSJ Order at 15.) Further, at the time of her termination, Plaintiff was not capable of working a hybrid schedule because "her doctor had requested that she 'remain out of work' entirely." (*Id.* at 17.) Thus, "Plaintiff's after the fact assertion that she could perhaps have worked with accommodation is . . . contradicted by her own doctor's notes." (*Id.*)

Second, Plaintiff complains that the Court treated the declarations from Plaintiff's supervisor and co-worker as dispositive of operational hardship. (Pl.'s Mot. to Alter Judgment at 16, 18-19.) Plaintiff, however, did not present any evidence to the contrary. (*See* MSJ Order at 16.) While Plaintiff now argues that she was able to work her schedule, Plaintiff's ability to perform the alternative schedule does not speak to whether *Defendant* was suffering from operational hardship due to her absence or remote work. (Pl.'s Mot. to Alter Judgment at 16.)

Third, Plaintiff again reargues that Plaintiff did not request permanent leave with no endpoint. (Pl.'s Mot. to Alter Judgment at 17.) The Court addressed this argument, pointing to the fact that Plaintiff repeatedly requested extensions of her leave or other accommodations that prevented her from completing her in-person duties for nearly three years. (MSJ Order at 16.) Again, as stated in *Samper*, "despite [the defendant's] patience and accommodations, there was literally nothing in the record to suggest that the future would look different from the past, leaving [the defendant] with little choice but to terminate [the plaintiff]." 675 F.3d at 1240-41. Such is the case here, where Plaintiff kept extending her request for leave and there was nothing in the record to show that this would change.

Finally, Plaintiff reargues that Defendant should have completed a reassignment analysis or engaged further in the interactive process. (Pl.'s Mot. to Alter Judgment at 17-18.) The Court found even if that was the case, Plaintiff failed to identify a feasible reasonable accommodation.

United States District Court
Northern District of California

(MSJ Order at 18.) Plaintiff again attempts to identify a reasonable accommodation but fails to grapple with the fact that her own doctor found that Plaintiff was incapable of performing any work. (Pl.'s Mot. to Alter Judgment at 18.)

Accordingly, the Court finds that this is not a basis to alter the judgment.

**C. FMLA Immunity**

The Court found that Plaintiff's FMLA claim was also barred by sovereign immunity. (MSJ Order at 10.) Although Plaintiff did not dispute that sovereign immunity applied to her FMLA claim based on Plaintiff taking leave to care for herself, Plaintiff argued she had a FMLA claim for taking leave to care for her mother in 2023. (*Id.* at 10-11.) The Court, however, found that Plaintiff's complaint made clear that the FMLA leave was based on Plaintiff taking leave due to COVID-19 and vaccine side effects, and that Plaintiff's FMLA claim made no reference to Plaintiff taking leave to care for her mother. (*Id.* at 11.)

Plaintiff argues that the operative complaint included a single fact that she took leave in 2023 to care for her mother. (Pl.'s Mot. to Alter Judgment at 19.) Plaintiff, however, ignores that when asked about this claim at the hearing, Plaintiff acknowledged that "she did not bring a claim based on caring for her mother but argued that such a claim came through her deposition." (MSJ Order at 11.) Plaintiff's argument is thus wholly inconsistent with the argument she made before the Court, and Plaintiff provides no legal authority that this is a proper basis for a Rule 59(e) motion. *But see Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."). In any case, as previously discussed, the complaint did not base the FMLA claim on Plaintiff taking leave to care for her mother but was focused solely on Plaintiff taking leave to care for herself. (*See* Compl. at 3-4.)

Accordingly, the Court finds that this is not a basis to alter the judgment.

**D. FMLA Merits**

In addition to sovereign immunity, the Court found that Plaintiff failed to establish a FMLA claim because Plaintiff had exhausted her FMLA eligibility by June 2022, such that she

United States District Court
Northern District of California

had no FMLA entitlement or benefits by the time of her medical separation in March 2024. (MSJ Order at 18-19.) The Court also found that with respect to retaliation, Plaintiff failed to present any evidence that there was a causal connection between taking protected leave and her termination, particularly given that her leave after June 2022 was not protected by the FMLA. (*Id.* at 19-20.) Although Plaintiff has failed to identify any error as to the Court's sovereign immunity finding, the Court addresses these arguments.

First, Plaintiff argues that the evidence relied upon by the Court did not show that Plaintiff was not eligible for leave beginning March 28, 2023. (Pl.'s Mot. to Alter Judgment at 20.) Plaintiff again asks for the chance to calculate FMLA leave based on the time records already produced. (*Id.*) As previously explained, however, **Plaintiff** had the burden of establishing that she was entitled to leave under the FMLA but failed to produce any evidence that she was entitled to leave after June 2022. (MSJ Order at 18-19.) The Court acknowledged that Plaintiff was entitled to test Defendant's calculations, but explained: "The problem, however, is that Plaintiff has not done so." (MSJ Order at 19.) Plaintiff fails to explain why her failure to calculate her eligibility for FMLA leave based on the time records she possessed entitles her to now alter the judgment under Rule 59(e). Again, the failure by Plaintiff's counsel to competently prosecute this case is not a basis for reopening the judgment.

Second, Plaintiff again contends that Plaintiff's protected leave may have been a factor in the decision to terminate her employment. (Pl.'s Mot. to Alter Judgment at 20-21.) Plaintiff, however, specifically argued in her opposition that "'[a] jury could view the October 2023 requests as the triggering event[.]'" (MSJ Order at 20 (quoting Dkt. No. 48 at 21).) As discussed above, Plaintiff failed to produce any evidence that the October 2023 request for leave was protected by the FMLA. Thus, Plaintiff is again taking a position inconsistent with her opposition to the motion for summary judgment by now arguing that perhaps her termination was related to her prior protected leave. In any case, Plaintiff presented no evidence that there was a causal connection between Plaintiff taking protected FMLA leave and her termination. (*See id.* at 20.)

Accordingly, the Court finds that this is not a basis to alter the judgment.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to alter the judgment under Rule 59(e). The Court STRIKES Plaintiff's July 31, 2026 "Amended Complaint" as improper, as the case was closed on July 17, 2026.

IT IS SO ORDERED.

Dated: October 2, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California